UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
KEVIN E. BYRNES,                   )
                                   )
            Plaintiff,             )
                                   )
      v.                           ) Civ. Action No. 04-742 (EGS)
                                   )
MERIT SYSTEMS PROTECTION BOARD,    )
                                   )
            Defendant.             )
_____)

### MEMORANDUM OPINION

Plaintiff, Kevin E. Byrnes, brings this civil action under the Privacy Act, 5 U.S.C. § 552a, to compel the Merit Systems Protection Board (MSPB) to amend or rescind its 2002 decision sustaining his removal from the position of Assistant United States Attorney (AUSA). Because the Court finds that the MSPB decision accurately reflects the state of affairs it was meant to describe, the Privacy Act cannot be read to afford the relief plaintiff seeks. Therefore, Byrnes has failed to state a claim upon which relief can be granted and defendant's motion to dismiss will be **GRANTED**.

**I.  BACKGROUND**

On September 15, 2000, plaintiff was removed from his position as an AUSA at the U.S. Attorney's Office for the Central

District of Illinois (USAO-CDIL).  Byrnes appealed his termination to the MSPB, claiming that his removal was unreasonable and discriminatory.  Following a hearing, an administrative judge upheld the agency's action.  Byrnes petitioned for review of this initial decision and the MSPB sustained his removal via a written decision issued June 4, 2002.[1]

Byrnes then filed suit in this Court against the MSPB and the Department of Justice asserting employment discrimination claims under Title VII and the Rehabilitation Act of 1973.  *See* Civ. Action Nos. 02-1393(RMC) and 02-1757(RJL).  On May 29, 2003, the parties entered into a settlement agreement in return for dismissal of the actions.  *See* Compl. Ex. A ("Settlement Agreement").  The government agreed to identify and remove several documents reflecting Mr. Byrnes' termination from plaintiff's Official Personnel Folder ("OPF") and instead issue replacement documents changing the terms of his departure to a "voluntary resignation."  *See* Settlement Agreement ¶¶ 6-9.  Further, the parties agreed that "the adverse action giving rise to [the June 2002 MSPB decision] has no force and effect."[2]  *See*

---

[1] This "final opinion" was published in the Merit Systems Protection Board Reporter, in Westlaw, and on the MSPB's website. *See Byrnes v. Dep't of Justice*, No. CH-0752-00-0880-I-1, 91 M.S.P.R. 551 (June 4, 2002).

[2] Paragraph 10 of the Settlement Agreement states in full:

2

*id.* ¶ 10.

In September 2003, Byrnes filed a motion in Civ. No. 02-1393(RMC) seeking to enforce the settlement agreement and require the MSPB to "depublish" the June 4, 2002 decision.  The Court denied the motion, finding "no explicit requirement to remove or revise MSPB records" in the "literal terms" of the Settlement Agreement.  *See Byrnes v. MSPB*, No. 02-1393, Mem. Op. at 3 (D.D.C. Oct. 22, 2003)(Collyer, J.).  Instead, the Court found that "a reasonable person would understand the disputed terms to mean that the [MSPB decision] could not form the basis for any future personnel action, not that the MSPB was required to take some form of affirmative action."  *Id.*

Plaintiff then initiated the present action, claiming that the MSPB's refusal to amend or withdraw the June 4, 2002 decision violated his rights under the Privacy Act.  Essentially, plaintiff claims that the continued publication of a decision that indicates he was terminated by adverse action without, at the very minimum, the inclusion of the subsequent history of the case states "inaccurate and incomplete facts."  *See* Compl. ¶ 41.

---

**RESCISSION OF MSPB DECISION**
10.  Whereas, pursuant to this Agreement, the terms of Plaintiff's departure from the USAO-CDIL have been changed to a voluntarily [sic] resignation, and Plaintiff is now considered to have voluntarily resigned from the USAO-CDIL on September 15, 2000, the parties agree that the adverse action giving rise to Kevin E. Byrnes v. MSPB, Docket No. CH-0752-00-0880-I-1 has no force and effect.

3

Plaintiff seeks a court order requiring the MSPB to either vacate or amend its prior opinion to reflect "the true state of affairs," and seeks damages for the "reputational damage and professional disparagement" caused by the Board's failure to amend.  *See id.* ¶¶ 45-46.

## II. DISCUSSION

### A. STANDARD OF REVIEW

This case is before the Court on defendant's motion to dismiss, or, in the alternative, for summary judgment.  In appraising the sufficiency of a complaint, a court must follow "the accepted rule that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); s*ee also Swierkiewicz v. Sorema,* 534 U.S. 506, 514 (2002) (stating that a court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations")(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  For purposes of a motion to dismiss, a court must treat the plaintiff's factual allegations as true, *see, e.g., Warth v. Seldin,* 422 U.S. 490, 501 (1975), and must liberally construe the complaint in favor of the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421-422 (1969).

**B.   THE PRIVACY ACT**

The Privacy Act of 1974, 5 U.S.C. § 552a, governs the government's collection and dissemination of information and maintenance of its records.  The Act generally allows individuals to gain access to government records pertaining to them and to request correction of records they believe are not "accurate, relevant, timely or complete."  *See* 5 U.S.C. § 552a(d)(2).  Following such a request, the agency must either promptly correct the disputed record or inform the individual of the basis for its refusal.  *Id.*  An agency's determination not to amend a record is subject to de novo review in the United States district courts.[3]  *See* 5 U.S.C. § 552a(g)(1).

The Privacy Act vests broad discretion in a district court to "... order the agency to amend the individual's record in accordance with his request or in such other way as the court may

---

[3] The Privacy Act enables an individual to commence a civil action "[w]henever any agency, (A) makes a determination ... not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection; (B) refuses to comply with an individual request under subsection (d)(1) of this section [to gain access to his record]; (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual, or; (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual." 5 U.S.C. § 552a(g)(1).

direct." 5 U.S.C. § 552a(g)(2)(A). This Court has "liberally construed" this remedial legislation, because "[a]ccuracy of government-recorded personnel information is particularly important in our complex and bureaucratically-interrelated society, where an individual's rights and benefits may well be influenced or determined by what some government agency has to say about him." *See R.R. v. Dep't of the Army*, 482 F. Supp. 770, 773-74 (D.D.C. 1980).

However, this remedy is limited to correction of inaccurate or incomplete documents; it cannot be used as a vehicle to "correct" a substantive decision that went against an individual's interest. *See Douglas v. Agric. Stabilization and Conservation Serv.*, 33 F.3d 784, 785 (7th Cir. 1994) ("We join many other circuits in holding that the Privacy Act does not authorize relitigation of the substance of agency decisions."); *Kennedy v. Andrus*, 459 F. Supp. 240, 242 (D.D.C. 1978) (the Privacy Act provisions for amending records "are not designed to permit collateral attack upon that which has already been the subject of a judicial or quasi-judicial action").

In this case, Byrnes seeks to force MSPB to amend its records to expunge the details of his termination and replace them with a voluntarily resignation, or at the very least reflect the subsequent history of the case. The crux of his Privacy Act claim seems to be that the subsequent settlement agreement

changed the underlying "facts" of this case and rendered the MSPB decision "inaccurate." However, a "record can be 'accurate' (or inaccurate) only in relation to the state of affairs it is meant to describe," *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337 (D.C. Cir. 1992), and the Privacy Act "does not permit a court to alter documents that accurately reflect an administrative action no matter how contestable the conclusion may be." *See Douglas*, 33 F.3d at 785. The published MSPB decision is an accurate document that faithfully reports the decision of the MSPB as it occurred in 2002. The settlement agreement did not "change the facts" of the underlying MSPB action in some metaphysical sense, and the Privacy Act "does not permit an individual to force an agency to 'rewrite history, changing the record in Orwellian fashion to pretend that it reached some other conclusion.'" *Reinbold v. Evers*, 187 F.3d 348, 360 (4th Cir. 1999) (quoting *Douglas*, 33 F.3d at 785)).

This discussion reveals plaintiff's Privacy Act claim for what it really is – a thinly veiled attempt to circumvent an inartfully drafted settlement agreement. If Byrnes wanted the 2002 MSPB decision amended or withdrawn, he should have ensured that the settlement agreement he signed in 2003 explicitly provided for it.[4] Instead, this Court has already determined

---

[4] Indeed, the remainder of the settlement agreement includes several terms providing for the "removal" or "replacement" of specific documents reflecting plaintiff's termination. *See,*

that "the literal terms of the agreement do not require any affirmative action on the part of MSPB." *Byrnes v. MSPB*, No. 02-1393, Mem. Op. at 3 (D.D.C. Oct. 22, 2003). Plaintiff cannot collaterally attack this holding through the guise of a Privacy Act claim.

### III. CONCLUSION

For the foregoing reasons, plaintiff's Complaint fails to state a claim upon which relief can be granted, and the Court will **GRANT** defendant's Motion to Dismiss.

An appropriate Order and Judgment accompanies this Memorandum Opinion.


**Signed:    Emmet G. Sullivan
             United States District Judge
             March 2, 2005**

---

*e.g.,* Settlement Agreement §§ 6-8.